1  WILSON TURNER KOSMO LLP
   ROBIN A. WOFFORD (137919)
2  LOIS M. KOSCH (131859)
   MERYL C. MANEKER (188342)
3  CAROLINA BRAVO-KARIMI (259409)
   550 West C Street, Suite 1050
4  San Diego, California  92101
   Telephone:  (619) 236-9600
5  Facsimile:   (619) 236-9669
   E-mail:  rwofford@wilsonturnerkosmo.com
6  E-mail:  lkosch@wilsonturnerkosmo.com
   E-mail:  mmaneker@wilsonturnerkosmo.com
7  E-mail:  cbravo-karimi@wilsonturnerkosmo.com

8  Attorneys for Defendants
   THE REINALT-THOMAS CORPORATION
9  and SOUTHERN CALIFORNIA
   DISCOUNT TIRE CO., INC.
10
   TODD M. SCHNEIDER
11 CAROLYN H. COTTRELL
   SCHNEIDER WALLACE COTTRELL
12 BRAYTON KONECKY LLP
   180 Montgomery Street, Suite 2000
13 San Francisco, CA  94104
   Telephone:  (415) 421-7100
14 Facsimile:   (415) 421-7105
   E-mail:  tschneider@schneiderwallace.com
15 E-mail:  ccottrell@schneiderwallace.com

16 Attorneys for Plaintiff
   JERAME McDANIEL
17

18                **UNITED STATES DISTRICT COURT**

19                **CENTRAL DISTRICT OF CALIFORNIA**

20                          **EASTERN DIVISION**

| | |
|---|---|
| 21  JERAME McDANIEL, on behalf of himself and all others similarly situated, | Case No. 5:12-CV-01466 TJH (PJWx) |
| 22  Plaintiffs, | **STIPULATION FOR PROTECTIVE ORDER; AND [PROPOSED] ORDER THEREON** |
| 23  v. | |
| 24  THE REINALT-THOMAS CORPORATION (doing business as Discount Tire/America's Tire), SOUTHERN CALIFORNIA DISCOUNT TIRE CO., INC., and DOES 1-50, inclusive, | Complaint Filed:  July 2, 2012 |
| 25 | Judge:    Terry J. Hatter, Jr. Courtroom: 17 (Spring Street courthouse) |
| 26 | Magistrate Judge:  Patrick J. Walsh Courtroom:  23 (Spring Street courthouse) |
| 27 | Trial Date:  Not Set |
| 28  Defendants. | **[DISCOVERY MATTER]** |

Upon agreement of counsel for DEFENDANTS THE REINALT-THOMAS CORPORATION AND SOUTHERN CALIFORNIA DISCOUNT TIRE CO., INC. ("DEFENDANTS") and PLAINTIFF JERAME McDANIEL ("PLAINTIFF"), and deeming it just and proper to do so, IT IS HEREBY ORDERED:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing which the producing party otherwise believes in good faith: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) contains private or confidential personal information, including, but not limited to, home addresses, electronic mail address, Social Security numbers, financial account numbers, driver's license numbers, dates of birth, employment information, or (c) contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential Material").

2. Any party to this litigation and any third-party shall have the right to designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and subject to this Order any information, document, or thing, or portion of any document or thing which the producing party otherwise believes in good faith contains extremely sensitive financial, business or personal information. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the

foregoing or similar legend: "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only Material").

3.  Any party to this litigation and any third-party that designates information, documents, items or oral or written communications for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.  All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

5.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

   a.  Counsel for the parties, including outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties, as well as employees of all such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   b. Experts or consultants of the receiving party to whom disclosure is reasonably necessary for this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as <u>Exhibit A</u>;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and its personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

   h. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

  6. Confidential Material shall be used only by individuals permitted access to it under Paragraph 5. Such Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

1    7.    With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

8.    Attorneys' Eyes Only Material may be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated as Attorneys' Eyes Only Material only to:

a.    Counsel for the parties, including outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties, as well as employees of all such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

b.    Experts or consultants of the receiving party to whom disclosure is reasonably necessary for this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

-4-    Case No. 5:12-CV-01466 TJH(PJWx)
STIPULATION FOR PROTECTIVE ORDER & [PROPOSED] ORDER THEREON

   d. The Court and its personnel;

   e. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings and to whom it is reasonably necessary to disclose the information for this litigation, including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

  9. If counsel for a party receiving documents or information designated as Confidential Material or Attorneys' Eyes Only Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

   a. Counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall identify the documents or information in question. Counsel for the designating party or third-party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Confidential – Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   b. If a dispute as to a Confidential or Confidential – Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Magistrate Judge within 14 days of the parties reaching an impasse. The

document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. The party seeking to submit Confidential or Attorneys' Eyes Only Material to the Court will seek an order of this Court permitting that party to file materials under seal as described in ¶ 11 herein, then will lodge any documents or materials which comprise or contain Confidential or Attorneys' Eyes Only Material with the Court in sealed envelopes or other appropriately sealed containers, complying with all applicable rules of Court, on which shall be marked the title of this action, an indication of the nature of the contents, the identity of the party filing the material, the phrase "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" and a statement of the materials in the sealed envelope or container are "LODGED CONDITIONALLY UNDER SEAL PURSUANT TO THE COURT ORDER IN THIS ACTION DATED_____." That party shall serve the opposing party with the lodged documents on the date of any lodgment, either by mail, email or personal service, and will contemporaneously make application or motion to seal these records. Any application or motion to seal shall comply with all applicable rules of Court, including Local Rule 79-5.

11. In the event a party wishes to have documents filed under seal, that party shall seek an order from the Court granting permission to file said material under seal in accordance with United States District Court, Central District of California Local Rule 79-5. That party shall also take reasonable steps to preserve the continued confidentiality of that material. Subject to public policy and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the

document. The document shall be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

12. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Confidential – Attorneys' Eyes Only Material, it may do so only after giving notice to the producing party and as directed by the Court.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material or Attorneys' Eyes Only Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Confidential – Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material or Attorneys' Eyes Only Material under this Order.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if

1 appropriate within a reasonable time after receiving notice of the inadvertent or
2 mistaken disclosure.

3     15.    No information that is in the public domain or which is already known by
4 the receiving party through proper means or which is or becomes available to a party
5 from a source other than the party asserting confidentiality, rightfully in possession of
6 such information on a nonconfidential basis, shall be deemed or considered to be
7 Confidential Material or Attorneys' Eyes Only Material under this Order.

8     16.    This Order shall not deprive any party of its right to object to discovery
9 by any other party or on any otherwise permitted ground.  This Order is being entered
10 without prejudice to the right of any party to move the Court for modification or for
11 relief from any of its terms.

12     17.    Upon final conclusion of this litigation, including the expiration of any
13 appeals thereof, each party or other individual subject to the terms hereof shall be
14 under an obligation to certify, under oath, that they have either returned to opposing
15 counsel or destroyed all originals and unmarked copies of documents and things
16 containing Confidential Material and Attorneys' Eyes Only Material and to destroy,
17 should such source so request, all copies of Confidential Material and Attorneys' Eyes
18 Only Material that contain and/or constitute attorney work product as well as excerpts,
19 summaries and digests revealing Confidential Material and Attorneys' Eyes Only
20 Information; provided, however, that counsel may retain complete copies of all
21 transcripts and pleadings including any exhibits attached thereto for archival purposes,
22 subject to the provisions of this Protective Order.

23     18.    This Order may be modified by agreement of the parties, subject to Court
24 approval.  In addition, the provisions of this Protective Order may be modified by this
25 Court, for good cause, or in the interest of justice, or in its own order at any time in
26 ///
27 ///
28 ///

-8-  Case No. 5:12-CV-01466 TJH(PJWx)
STIPULATION FOR PROTECTIVE ORDER & [PROPOSED] ORDER THEREON

these proceedings.  The within order and parties' stipulation do not change, amend or circumvent any court rule or local rule.

Dated:    April 15, 2013          **WILSON TURNER KOSMO LLP**

By:    /s/ Meryl C. Maneker
ROBIN A. WOFFORD
LOIS M. KOSCH
MERYL C. MANEKER
CAROLINA BRAVO-KARIMI
Attorneys for Defendants
THE REINALT-THOMAS CORPORATION
and SOUTHERN CALIFORNIA DISCOUNT TIRE CO.. INC.

Dated:    April 15, 2013          **SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**

By:    /s/ Carolyn H. Cottrell
TODD M. SCHNEIDER
CAROLYN H. COTTRELL
Attorneys for Plaintiff
JERAME McDANIEL
.

## SIGNATURE ATTESTATION

I hereby certify that authorization for the electronic signature in this document has been obtained from each of the other signatories shown above and that the content of the document is acceptable to all signatories.

/s/ Meryl C. Maneker
MERYL C. MANEKER

## ORDER

Upon Stipulation of the parties and finding good cause herein,

IT IS SO ORDERED.

Dated: April 15, 2013

HONORABLE PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

-9-    Case No. 5:12-CV-01466 TJH(PJWx)
STIPULATION FOR PROTECTIVE ORDER & [PROPOSED] ORDER THEREON

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | WILSON TURNER KOSMO LLP<br>ROBIN A. WOFFORD (137919)<br>LOIS M. KOSCH (131859)<br>MERYL C. MANEKER (188342)<br>CAROLINA BRAVO-KARIMI (259409)<br>550 West C Street, Suite 1050<br>San Diego, California  92101<br>Telephone:  (619) 236-9600<br>Facsimile:   (619) 236-9669<br>E-mail:  rwofford@wilsonturnerkosmo.com<br>E-mail:  lkosch@wilsonturnerkosmo.com<br>E-mail:  mmaneker@wilsonturnerkosmo.com<br>E-mail:  cbravo-karimi@wilsonturnerkosmo.com<br><br>Attorneys for Defendants<br>THE REINALT-THOMAS CORPORATION<br>and SOUTHERN CALIFORNIA<br>DISCOUNT TIRE CO., INC.<br><br>TODD M. SCHNEIDER<br>CAROLYN H. COTTRELL<br>LEE B. SZOR<br>SCHNEIDER WALLACE COTTRELL<br>BRAYTON KONECKY LLP<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA  94104<br>Telephone:  (415) 421-7100<br>Facsimile:   (415) 421-7105<br>E-mail:  lszor@schneiderwallace.com<br><br>Attorneys for Plaintiff<br>JERAME McDANIEL |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| JERAME McDANIEL, on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>THE REINALT-THOMAS CORPORATION (doing business as Discount Tire/America's Tire), SOUTHERN CALIFORNIA DISCOUNT TIRE CO., INC., and DOES 1-50, inclusive,<br><br>              Defendants. | Case No. 5:12-CV-01466 TJH (PJWx)<br><br>**AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**<br><br>Complaint Filed:  July 2, 2012<br><br>Judge:        Terry J. Hatter, Jr.<br>Courtroom:  17 (Spring Street courthouse)<br><br>Magistrate Judge:  Patrick J. Walsh<br>Courtroom:  23 (Spring Street courthouse)<br><br>Trial Date: Not Set<br><br>**[DISCOVERY MATTER]** |

Case No. 5:12-CV-01466 TJH(PJWx)

AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of that order.

5. I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for the purposes of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____ ____, 20___        _____
                                        Name:

1          Case No. 5:12-CV-01466 TJH(PJWx)
AGREEMENT TO COMPLY WITH PROTECTIVE ORDER